## PASSENGER INJURED BY STEPPING FROM CAR INTO HOLE IN STREET.

Circuit Court of Cuyahoga County.

JAMES SHIELDS v. THE CITY OF CLEVELAND.

Decided, December 22, 1905.

*Roads and Streets—Municipal Corporation Liable for Injury Caused by Dangerous Condition of Streets, Notwithstanding Plaintiff's Knowledge.*

Where a dangerous condition exists in a street due to repairs of pavement being made by the city, and plaintiff, who has knowledge of the conditions, while alighting from a car at night thinking he was alighting upon a crosswalk a short distance from the place being repaired, is injured by stepping into a hole which he could not see by reason of the city's neglect to place red lights or to keep an arc light overhead burning, the city will be liable.

HENRY, J.; MARVIN, J., concurs; WINCH, J., dissents.

This was an action for damages for personal injuries sustained by James Shields at the corner of Euclid avenue and Fairmount street, in Cleveland, on the evening of November 21, 1902. He was a conductor on one of the lines of street cars passing that point, but was then off duty, being on his way home and in the act of getting off the west bound car in front of the block in which he lived at the northwest corner of said street intersection. He alighted in a hole, or depression, in the pavement, and, falling forward, broke both knee caps. From Fairmount street eastward, the city, for a week or two, had been carrying on extensive park and street improvements, which involved the shifting of the street railway tracks and the temporary removal of the paving stones in Fairmount street. Shields was aware of this but he says that when he left home after luncheon that day, the pavement north of the tracks was intact for a few feet east of the west cross-walk. It was dark when he came home that night, and there were no red lights, or other warning signals, to show just where the pavement was torn up. Moreover, the arc light

overhead, which had been somewhat out of order for several weeks, was not burning, and the store rooms opposite were not illuminated. The car, on which he was riding, came almost to a standstill and he stepped off at the place where, from such landmarks as he could see (including the outlines of the block in front of him), he supposed the west cross-walk to be located, but which proved to be a few feet east of the cross-walk. Even there he thinks the pavement had been intact when he saw it last that day. But the city on cross-examination brought out evidence tending to show that no work was done there that afternoon and that, if any paving stones there were in fact removed during the interval, it was the work of an intermeddler whereof the city had no notice and for which it is not liable herein. The case went to the jury and they found for the defendant. The city now contends that, whatever errors there may be in the charge (and several are assigned), the judgment should nevertheless be affirmed. For, if Shields is right in thinking that the pavement where he was injured had been removed that afternoon, the city, being clearly without notice of the defect, is not answerable in damages, and, if Shields is wrong as to the place where he fell, he can not escape the imputation of negligence, in view of his previous knowledge of the situation there.

A majority of the court is unable to concur in the view that this dilemma is a real one. The darkness and absence of danger signals, under all the circumstances, may well have misled Shields as to the precise location of the cross-walk. Whether he was misled and whether he was himself negligent were questions for the jury under proper instructions. We may apply to the situation of this cross-walk the language of McCauley, J., in *Kelley* v. *City of Columbus*, 41 Ohio St., 263, 268, in reference to the location of a street:

"If the surroundings misled the plaintiff into the belief that he was still on the street, and if he walked upon it not thinking and having no reason to think he was beyond the street, the liability of the city would doubtless continue."

And so here, though Shields knew there was danger a little distance from this cross-walk, but was mislead by the city's neg-

ligence to suppose that he was alighting on the cross-walk, the city's liability, as for negligent disrepair of the cross-walk itself, would continue outside of and beyond it.

If, on the other hand, the hole was a new one and nearer the cross-walk than that with which Shields was familiar, it would still be for the jury to determine whether it was part of the work being done there for the city, or under its license, and whether or not, if caused by an intermeddler on the afternoon of the accident, the city was then chargeable with notice thereof, in view of the vigilance necessarily required for the performance of the special duties it then and there owed the public, by reason of the improvements under way and the dangers incident thereto.

It follows therefore that our decision must turn upon the charge of the court. Was it erroneous? The city does not seriously contend that it is free from error. We think it presents some serious defects, which we shall merely mention without discussing them at length. The charge absolutely debars plaintiff from recovery; so also, if the stones were removed by a wrongdoer without the city's authority or consent, irrespective of any notice with which the city may have been chargeable under the circumstances. The charge informs the jury moreover that "the city was bound to exercise ordinary care; but if it had only one street to look after, that would be one thing; but with all the streets of the city it would be different."

It further declares that if plaintiff "knew there was no red light at the place where he was injured and that the electric light was not burning, he can not claim anything for that; the darker the night the more care he should use."

Each of these propositions unqualified is clearly erroneous. And the charge as a whole is obviously misleading also. For these errors the judgment below is reversed, and the cause remanded.

Our brother Winch dissents on the sole ground that the court should have granted the city's motion to take the case from the jury because of plaintiff's contributory negligence.